IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:20-CR-512

| UNITED STATES OF AMERICA | MOTION TO EXTEND |
| v. | PRETRIAL MOTIONS DEADLINE |
| BRADLEY CARL REIFLER | AND CONTINUE TRIAL WITHOUT OBJECTION FROM THE GOVERNMENT |

The Defendant, Bradley C. Reifler, through undersigned counsel, without objection from the government and the express written consent of Mr. Reifler (Attachment 1), moves this Honorable Court to extend the deadline for filing pretrial motions to August 6, 2021, and to continue the trial of this matter to December 6, 2021.

This motion is made pursuant to the Fifth and Sixth Amendments and 18 U.S.C. § 3161(a)(7)(B). For the reasons that follow, Mr. Reifler respectfully submits that the ends of justice served by granting the requested continuance and extension would outweigh the best interests of the defendant and the public in a more prompt resolution of this unusually complex matter.

## BACKGROUND

1. On December 1, 2020, a grand jury empaneled in the Middle District of North Carolina returned a five-count, 52-paragraph indictment against Mr. Reifler, which alleges a multi-year scheme to defraud that involves the complexities of the North Carolina General Statutes' laws and the related North Carolina Department of Insurance's regulations regarding eligible investments for the purpose of investing insurance company reserve funds, as well as a

1

single perjury count stemming from an ongoing civil matter that has been litigated for nearly five years and includes no fewer than 245 docket entries.

2. On Friday, April 9, 2021, undersigned counsel received an initial production of discovery that includes 1.96 million pages of documents.

3. The government has informed undersigned counsel that additional documents will be produced in the future.

4. Counsel for the parties are also engaged in ongoing discussions regarding the propriety of, and the processes used by, a DOJ Filter Team that has been conducting a privilege review of documents seized in this case in light of the Fourth Circuit's recent opinion *In re: Search Warrant Issued June 13, 2019*, 942 F.3d 159, 176 (4th Cir. 2019) (holding, *inter alia*, that conducting privilege review is a judicial function that cannot be delegated to the executive branch). The parties hope that these discussions will obviate the need for court involvement on this issue. The Filter Team's review will also lead to additional discovery productions, will also likely require counsel for Mr. Reifler to conduct a privilege review of a large volume of potentially privileged material and the resulting production of a privilege log, and may (but hopefully will not) involve challenges by the government of privileges assertions by Mr. Reifler.

5. Mr. Reifler's arraignment was held on April 5, 2021, via telephone, with the written consent of Mr. Reifler. *See* Waiver of Appearance at Arraignment Form [Dkt. # 8]; Minute Entry of Arraignment, April 5, 2021.

6. At arraignment, counsel for Mr. Reifler made an oral motion without objection from the government to continue the trial and to extend the deadline for filings pretrial motions in this matter for the same dates requested in this instant written motion, and the court instructed

2

undersigned counsel to file a written motion to continue. *See* Minute Entry of Arraignment, April 5, 2021.

7. Mr. Reifler now renews his Motion to Continue the Trial and to Extend the Pretrial Motions without objection from the Government.

## DISCUSSION

The requested continuance is supported by 18 U.S.C. § 3161(a)(7)(A) & (B) and the Fifth and Sixth Amendments because the case against Mr. Reifler appears to be unusual and complex due to the nature of the prosecution, because the requested continuance would avoid denying the defendant choice and continuity of counsel, and because a continuance is otherwise necessary to ensure time for counsel for Mr. Reifler to adequately prepare for pretrial proceedings and the trial of this matter. *See* 18 U.S.C. § 3161(a)(7)(B)(ii) (noting complexity of prosecution and adequate preparation as bases for finding that requested continuance is in the interest of justice); § 3161(a)(7)(B)(iv) (noting that continuances are appropriate where necessary to avoid "deny[ing] the defendant or the Government continuity of counsel" and/or reasonable time for effective preparation). The case will also likely involve "the existence of novel questions of fact [and] law," which further supports finding that the interests of justice are best served by granting the requested continuance. *See* § 3161(a)(7)(B)(ii).

The 52-paragraph indictment alleges a scheme to defraud involving intricacies of North Carolina's insurance regulations, *see* Indictment at ¶ 15, and relates to an ongoing civil dispute in which Mr. Reifler was largely representing himself *pro se* and which contains a voluminous record. The government has provided a massive discovery production of 1.96 million pages of documents, with more to come, and the government's discovery process includes the involvement of a Filter Team, which counsel for Mr. Reifler immediately informed the

3

government upon learning of its existence may create problems in light of *In re: Search Warrant Issued June 13, 2019*, 942 F.3d 159, 176 (4th Cir. 2019) (holding that conducting privilege review is a judicial function that cannot be delegated to the executive branch).  As noted above, the parties are engaged in discussions about the implications of *In Re: Search Warrant* as it relates to this case.

Ultimately, the volume of and legal issues involved in the discovery production show that this case is atypical in its complexity and the time required for adequate preparation.  Therefore, the requested continuance and extension of pretrial motions is supported by §§ 3161(a)(7)(B)(ii) and (iv), as well as the Fifth and Sixth Amendments, which generally require adequate time for defense counsel to be reasonably prepared, *cf., e.g., United States v. LaRouche*, 896 F.2d 815, 823 (4th Cir. 1990) ("The due process analysis, in [the context of a motion to continue to allow for adequate defense preparation], merges into the sixth amendment analysis[.]") (recognizing potential for, but rejecting, claim that failure to grant continuance violated defendant's Fifth and Sixth Amendment rights by depriving the defendant of time needed to prepare adequately).

Family circumstances of undersigned counsel also support the requested continuance. Undersigned counsel's wife is pregnant and due to give birth on October 10, 2021.  With 18 U.S.C. § 3161(a)(7)(B)(iv), Congress contemplated courts granting continuances to avoid "deny[ing] the defendant or the Government continuity of counsel."  The Sixth Amendment also protects the right to counsel of choice. *E.g.*, *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (recognizing balance between structural right to counsel of choice and the power of the court to make decisions regarding scheduling that implicate counsel of choice issues).

The proposal herein of having pretrial motions due in August and the trial in December is made to ensure that the case moves forward apace, but also that undersigned counsel's ability to

4

prepare for and conduct the trial is not upset by undersigned counsel's family circumstances. Undersigned counsel thus respectfully submits that the interest in "continuity of counsel" and counsel of choice support approving this proposed schedule.

Finally, Mr. Reifler has explicitly provided his consent to this requested agreement via the signed Statement of Consent provided at Attachment 1, and the government also has no objection to this requested proposed schedule.

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully submits that the requested scheduling order (pretrial motions being due August 6, 2021, and trial being held December 6, 2021) is supported under 18 U.S.C. § 3161, as well as the Fifth and Sixth Amendments, and that the ends of justice served by granting this continuance in ensuring adequate preparation and continuity of counsel in light of the unusual complexities of this case and the family circumstances of undersigned counsel outweigh the interest of the public and the defendant in the more prompt resolution of this matter.

Mr. Reifler therefore requests that the Court grant this motion and extend the pretrial motions deadline to August 6, 2021 and continue the trial of this matter to December 6, 2021.

Respectfully submitted, this the 12th day of April, 2021.

CHESHIRE PARKER SCHNEIDER, PLLC

/s/ Elliot S. Abrams
Elliot S. Abrams
N.C. State Bar # 42639
P. O. Box 1029
Raleigh, NC 27602
(919) 833-3114 (TEL)
(919) 832-0739 (FAX)
elliot.abrams@cheshirepark.com

*Counsel for Bradley Reifler*

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following by the CM/ECF system for the Middle District of North Carolina:

Meredith C. Ruggles
Meredith.Ruggles@usdoj.gov

This the 12th day of April, 2021.

/s/ Elliot S. Abrams
Elliot S. Abrams
CHESHIRE PARKER SCHNEIDER, PLLC