IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:20-CR-512

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRADLEY CARL REIFLER | MOTION TO DISMISS<br>WIRE FRAUD COUNTS (Counts 1-4)<br>FOR DUPLICITY |

Defendant Bradley Carl Reifler, through counsel and pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rule 12(b) of the Federal Rules of Criminal Procedure, respectfully requests the Court dismiss Counts One through Four ("the Wire Fraud Counts") for duplicity.

## DISCUSSION

"[D]uplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal quotation marks omitted).

A duplicitous count burdens the defendant's Fifth and Sixth Amendment rights by failing to adequately inform the defendant of the charges against him, failing to ensure unanimous verdicts, prejudicing the defendant on evidentiary rulings, failing to protect against double jeopardy, and creating uncertainty that can lead to sentencing and appellate review problems. *See e.g., United States v. Kamalu*, 298 F. App'x 251, 254 (4th Cir. 2008) (unpublished) (internal quotation marks omitted); *United States v. Starks*, 515 F.2d 112, 116 (3d Cir. 1975).

"'Where an indictment or information contains a duplicitous count, the proper remedy is to dismiss the count or to require the United States to elect which offense it desire to pursue.'" *United States v. Jackson*, 926 F. Supp. 2d 691, 705 (E.D.N.C. 2013) (quoting *United States v. Pleasant*, 125 F. Supp. 2d 173, 176 (E.D. Va. 2000)); *see also United States v. Bachman*, 164 F.

Supp. 898, 900 (D.D.C. 1958) ("[I]f there are two or more separate and distinct offenses charged in one count, the indictment becomes subject to a motion to dismiss[.]").

The wire fraud counts (Counts One through Four) are duplicitous because they purport to charge, each by a single count, the execution of two separate schemes. This case arises out of a civil dispute in which Mr. Reifler is charged with investing a life insurance company's (NCM's) assets into investments that failed to comply with the relevant state insurance regulations and then allegedly making misrepresentations "[t]o assuage [NCM]'s concerns regarding the [regulatory] compliance of the investments[.]" Indictment at p. 10, ¶ 31.

The grand jury found probable cause to believe that Mr. Reifler first obtained funds from NCM by placing those funds into non-compliant investments and using them for non-compliant purposes, *see id*. at ¶ 23, 24; that Mr. Reifler then accurately informed NCM's fiduciary (Stephen Fickes) how the funds had been invested, *id*. at ¶ 27; that Mr. Fickes then allegedly told Mr. Reifler that the funds were not invested in compliance with the relevant guidelines/regulations, *id*. at ¶ 28; that, thereafter, Mr. Reifler told Mr. Fickes "that [Mr. Reifler's company] would take steps to bring [the] investments into compliance," *id*.; and that Mr. Reifler then made misrepresentations about the investments "[t]o assuage [NCM]'s concerns regarding the compliance of the investments" with the relevant guidelines/regulations, *id*. at ¶ 31.

As noted in Mr. Reifler's motion to dismiss for failure to state an offense, [DE 25], the indictment failed to allege any false representation through which Mr. Reifler obtained NCM's money. Instead, each alleged misrepresentations identified in the indictment relate to Mr. Reifler's alleged effort to misrepresent how the funds had been invested—all of which occurred after Mr. Reifler provided NCM's fiduciary accurate information about how the funds had been invested,

and after NCM's fiduciary told Mr. Reifler that the investments were non-compliant, *see id*. at 27-31.

Because the face of the indictment establishes that Mr. Reifler did not obtain the funds at issue through misrepresentations, the alleged misrepresentations following Mr. Reifler being informed that the investments were non-compliant necessarily constitute a separate offense than the initial taking—for the initial taking was not itself an offense. Moreover, even if the initial taking constituted a wire fraud, the fact that Mr. Reifler accurately informed NCM's fiduciary how the funds had been invested shows that any scheme to obtain the funds did not initially contemplate a scheme to misrepresent how the funds had been invested. Therefore, the alleged scheme to misrepresent the disposition of the assets, which allegedly occurred only after Mr. Reifler was informed that the investments were non-compliant, constitutes a distinct and separate scheme. *See, e.g., United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) ("[D]uplicity is the joining in a single count of two or more distinct and separate offenses." (internal quotation marks omitted)). Each count thus charges Mr. Reifler with executing two distinct and separate alleged schemes and are thus duplicitous. *See id*.

## **CONCLUSION**

For the reasons above, Mr. Reifler respectfully asks this court to dismiss counts 1-4 for duplicity.

Dated: August 6, 2021  CHESHIRE PARKER SCHNEIDER, PLLC

/s/ Elliot S. Abrams
Elliot S. Abrams
N.C. State Bar # 42639
P. O. Box 1029
Raleigh, NC 27602
(919) 833-3114 (TEL)
(919) 832-0739 (FAX)
elliot.abrams@cheshirepark.com

*Counsel for Bradley C. Reifler*

# **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was served on the following by the CM/ECF system for the Middle District of North Carolina:

    Meredith C. Ruggles
    Meredith.Ruggles@usdoj.gov

This the 6th day of August, 2021.

                                                /s/ Elliot S. Abrams

                                                Elliot S. Abrams
                                                CHESHIRE PARKER SCHNEIDER, PLLC