IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:20-CR-512

| UNITED STATES OF AMERICA | MOTION FOR IDENTIFICATION |
| v. | OF BRADY MATERIAL |
| BRADLEY CARL REIFLER | |

Defendant Bradley Carl Reifler, through counsel and pursuant to the Fifth and Sixth Amendments to the United States Constitution and *Brady v. Maryland*, 373 U.S. 83 (1963), for an order directing the government to identify any and all exculpatory information that is known to (or should be known to) any member of the prosecution team, including identifying with specificity any such information that is contained within the discovery productions.

In support of this motion, Mr. Reifler shows as follows:

## BACKGROUND

This investigation has been ongoing since at least 2017. Mr. Reifler was indicted in December 2020. To date, the prosecution team has produced electronic data totaling approximately 2 million pages of materials. The filter team has produced over 8 million pages of documents and has indicated that there are 17 million documents in its database that may be produced in the future, totaling over 55 million pages. Mr. Reifler anticipates submitting further specific requests for additional information after the government has completed its initial production.

The government has thus far not identified any *Brady* material within this massive production. Nor has the government, thus far, indicated what documents it intends to use or not

use within this massive production. And, after consultation, the government declined to agree to voluntarily identify the *Brady* material in its discovery productions.

With this motion, Mr. Reifler requests that the Court order the prosecution team to identify with specificity any *Brady* material it is aware of on the ground that, under these circumstances such identification is required by the Constitution because, absent such specific identification, Mr. Reifler and his small defense team will likely be unable to find this material, and thus producing the exculpatory material as part of a multi-million page discovery production fails to constitute disclosure as required by *Brady* and the Fifth and Sixth Amendments.

## DISCUSSION

### I. DUE PROCESS REQUIRES THAT THE GOVERNMENT IDENTIFY THE *BRADY* MATERIAL IN THE MASSIVE DISCOVERY PRODUCTION.

Under the standard articulated in *Brady v. Maryland*, 373 U.S. 83 (1963), the government must disclose any evidence in its possession that is favorable to the accused and material either to a defendant's guilt or punishment. "The *Brady* rule is based on the requirement of due process. Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur." *United States v. Bagley*, 473 U.S. 667, 675 (1985). Congress underscored the critical import of the *Brady* disclosure rule to the pursuit of truth and justice that it enacted the Due Process Protection Act less than a year ago, which amended Rule 5 of the Federal Rule of Criminal Procedure to require, in every case, an order reminding the prosecution of its disclosure obligations under *Brady*.

### a. Where the volume of discovery makes it unlikely that the defendant will be able to identify all of the *Brady* material in a discovery production, the government's *Brady* obligations require it to identify the material in its production.

Courts have long held that "the prosecutorial duty to produce exculpatory evidence imposed by *Brady* may not be discharged by 'dumping' (even in good faith) a voluminous mass of files, tapes and documentary evidence" on the defendant. *Emmett v. Ricketts*, 397 F. Supp. 1025, 1043 (N.D. Ga. 1975). Moreover, "[o]pen-file discovery does not relieve the government of its *Brady* obligations." *United States v. Saffarinia*, 424 F. Supp. 3d 46, 85 (D.D.C. 2020) (quoting *United States v. Hsia*, 24 F. Supp. 2d 14, 29 (D.D.C. 1998) (Friedman, J.), and citing *Smith v. Sec'y of New Mexico Dep't of Corr.*, 50 F.3d 801, 828 (10th Cir. 1995) ("While an 'open file' policy may suffice to discharge the prosecution's Brady obligations in a particular case, it often will not be dispositive of the issue.")).

As courts have explained, "[t]he Government cannot hide *Brady* material as an exculpatory needle in a haystack of discovery materials." *Id*. (quoting *United States v. Thomas*, 981 F. Supp. 2d 229, 239 (S.D.N.Y. 2013)) (citing *United States v. Skilling*, 554 F.3d 529, 577 (5th Cir. 2009) and citing *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided.")).

For example, in *United States v. Blankenship*, No. 5:14-CR-00244, 2015 WL 3687864, at *6 (S.D.W. Va. June 12, 2015), the court concluded:

> The Court finds that the United States should specifically designate any known *Brady* material as such and disclose the same to defense counsel. In other words, without more, the United States does not comply with the requirement of *Brady* by merely including all known *Brady* material within the four million plus pages of discovery.

*Id*.

Similarly, in *Salyer*, the court ordered the government to identify *Brady* material where the government had been investigating the case for years, where the discovery production included millions of pages, and where there was a singular defendant who was represented by a relatively small defense team. *United States v. Salyer*, No. CR. S-10-0061, 2010 WL 3036444 (E.D. Cal. Aug. 2, 2010).[1] In reaching this conclusion, the court explained that "[d]uring the course of the years long investigation . . . , the government personnel seemed to be able to segregate that evidence which would be useful in the prosecution in terms of guilt, but apparently made no efforts to segregate that evidence which runs counter to the charges." *Id*. at *4. Moreover, to the extent that "the government professes [the] inability to identify the required information after five years of pre-indictment investigation, its argument that the defense can 'easily' identify the materials buried within the mass of documents within months of post-indictment activity is meritless." *Id*. at *5. The court observed that "the Supreme Court has placed the initial *Brady/Giglio* duty on the government, and the [court] is not free to assign it to [the defendant]," *id*., and "the duty of the defendant to exercise diligence does not negate the duties of the prosecution in the first instance to affirmatively look for and disclose *Brady/Giglio*," *id*. at *5 n. 6.

And, last year, in *Saffarinia*, the court found the foregoing reasoning from *Salyer* "persuasive" and, consequently, "agree[d] with Mr. Saffarinia that the government's *Brady* obligations require it to identify any known *Brady* material to the extent that the government knows of any such material in its production of approximately 3.5 million pages of documents." 424 F. Supp. 3d at 86.

In sum, the Supreme Court has made clear that "the individual prosecutor has a duty to learn of [and disclose to the defendant] any favorable evidence known to the others acting on the

---

[1] In *Sayler*, the defendant was also in jail, a circumstance not present in the instant case.

government's behalf in the case, including the police. But whether the prosecutor succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good faith or bad faith, *see Brady*, 373 U.S. at 87), the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." *Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995). The purpose of this disclosure is to ensure that the defendant is made aware of this exculpatory information so he or she has a reasonable opportunity to defend against the charges. Therefore, the duty of disclosure is not met by a needle in the haystack approach. *See Saffarinia*, 424 F. Supp. 3d at 85. Rather, the prosecutor has an "affirmative duty" to ensure that *Brady/Giglio* information is known to the defendant. *Salyer*, 2010 WL 3036444, at *5 (citing *Kyles v. Whitley*). Fulfilling this duty in massive discovery cases requires that the prosecution search for and specifically identify *Brady/Giglio* information within the discovery.

> **b. The volume of discovery in this case makes it virtually certain that, absent specific identification by the government of the *Brady/Giglio* material in the government's discovery production, Mr. Reifler will be unable to find this material. Therefore, the government should be required to identify the exculpatory material in its discovery productions.**

The discovery productions are ongoing, and the total volume of discovery and potential future discovery is many millions of documents. With discovery productions continuing and trial set for December, (and with undersigned counsel's wife due to give birth in the interim), the defense cannot reasonably identify the material in the discovery that the government has deemed to be *Brady/Giglio* material. In light of the constitutional duty on the prosecutor "in the first instance to affirmatively look for and disclose *Brady/Giglio*," *Salyer*, 2010 WL 3036444 at *5 n. 6, Mr. Reifler presumes that the government has fulfilled this duty and is therefore in a position to

identify the *Brady/Giglio* material it has identified in carrying out that duty. (Of course, to the extent that the government has not fulfilled its constitutional duty in this regard, other relief would be warranted).

As noted above, courts have long held that "the prosecutorial duty to produce exculpatory evidence imposed by *Brady* may not be discharged by 'dumping' (even in good faith) a voluminous mass of files, tapes and documentary evidence" on the defendant. *Emmett*, 397 F. Supp. at 1043. Because of the volume of discovery in this case, and in light of the foregoing case law, the prosecution team should be ordered to identify the *Brady/Giglio* material in its discovery productions.

## CONCLUSION

For the foregoing reasons, in light of the volume of discovery in this case, the Constitution requires the prosecution to identify the *Brady/Giglio* material in its discovery productions.

Dated: August 6, 2021　　　　　　　　　　CHESHIRE PARKER SCHNEIDER, PLLC

/s/ Elliot S. Abrams
Elliot S. Abrams
N.C. State Bar # 42639
P. O. Box 1029
Raleigh, NC 27602
(919) 833-3114 (TEL)
(919) 832-0739 (FAX)
elliot.abrams@cheshirepark.com

*Counsel for Bradley C. Reifler*

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on the following by the CM/ECF system for the Middle District of North Carolina:

Meredith C. Ruggles
Meredith.Ruggles@usdoj.gov

This the 6th day of August, 2021.

/s/ Elliot S. Abrams

Elliot S. Abrams
CHESHIRE PARKER SCHNEIDER, PLLC