# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BRADLEY C. REIFLER,<br><br>Debtor. | Case No. 17-35075 (CGM)<br><br>Chapter 7 |
| NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>BRADLEY C. REIFLER,<br><br>Defendant. | Adv. Pro. No. 17-09016 (CGM) |

## DECLARATION OF EVAN FUEST

I, Evan Fuest, certify as follows:

1. My name is Evan Fuest. I am over 21 years of age.

2. I work for RVM Enterprises ("RVM") as a Computer Forensic Engineer. I have worked for RVM since October 2011, and I have significant relevant experience collecting electronic devices in the context of litigation.

3. I submit this declaration in connection with North Carolina Mutual's Motion for Contempt against Bradley C. Refler (the "Defendant") in connection with this Court's December 28, 2017 *Order Directing Debtor to Turn Over, or Provide Access to, All Electronic Devices and*

1



WMGJ003873
DOJ-PROD-0000683919

*Data For Forensic Inspection and Data Collection* ("ESI Order") entered in the above-captioned adversary proceeding (the "Action").

4. I am not affiliated with any party to this Action.

5. Pursuant to the Court's ESI Order, my employer, RVM was designated by North Carolina Mutual as the qualified third-party vendor (the "Vendor").

6. RVM was retained to: (a) conduct a forensic examination and capture of all content associated with Defendant's Electronic Devices and Email Accounts (collectively, the "Data") and (b) process, collect, and maintain a full set of the Data.

7. Consistent with the Court's ESI Order, I went to the Defendant's offices on January 11, 2018 to image the Defendant's Electronic Devices.

8. The Defendant invited me into his office and initially identified a computer that I could image, but he clarified that the computer lacked a hard drive.

9. I started my work pursuant to the ESI Order by imaging the Defendant's cellular phone.

10. About fifteen minutes into imaging the phone, the Defendant allowed me to image his work computer.

11. The computer was still on. There was a second hard drive on the computer. Upon further inspection, I found three hard drives in the computer.

12. I began imaging the first hard drive and at the same time, I began imaging the second hard drive.

13. I was unable to access the third hard drive because the Defendant insisted that I leave his offices.

2

14. Specifically, while conducting the forensic examination and imaging certain Electronic Devices, I asked the Defendant's assistant about an additional computer. The computer was located outside the Defendant's office and matched the serial number of one of the computers identified as belonging to the Defendant.

15. The assistant confirmed that the serial number matched, and stepped away to contact the Defendant. The assistant returned with the defendant on the phone.

16. The Defendant told me to "pack my shit up and get out," and that I had five minutes to leave. The Defendant threatened to call building security to remove me from the office.

17. The Defendant's threat to kick me out required that I leave the Defendant's office quickly. I was unable to complete imaging the Electronic Devices consistent with the Court's ESI Order.

18. I only obtained a full forensic image of the phone and a full image of one hard drive from one of the Defendant's computers.

19. Moreover, given Defendant's conduct, RVM will not authorize my return to Defendant's premises absent some security or other acceptable arrangement in order to ensure my physical safety.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2018

_____
Evan Fuest

3