# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BRADLEY C. REIFLER,<br><br>                                   Debtor. | Case No. 17-35075 (CGM)<br><br>Chapter 7 |
| NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY,<br><br>                                   Plaintiff,<br><br>-against-<br><br>BRADLEY C. REIFLER,<br><br>                                   Defendant. | Adv. Pro. No. 17-09016 (CGM) |

## DECLARATION OF EVAN FUEST

I, Evan Fuest, hereby certify as follows:

1.      My name is Evan Fuest. I am over 21 years of age.

2.      I am employed by RVM Enterprises ("RVM") as a Computer Forensic Engineer. I have been an employee at RVM since October 2011. My experience while employed at RVM involves collecting electronic devices in the context of litigation.

3.      I submit this declaration in connection with matters related to Plaintiff North Carolina Mutual's Motion for Order Finding Defendant in Contempt (the "Contempt Motion") against Bradley C. Reifler (the "Defendant"), filed on January 16, 2018, which included a declaration I provided (the "Prior Declaration"), following which this Court entered its *Order*

1



WMGJ003876
DOJ-PROD-0000678024
DOJ-PROD-0000678024
Case 1:20-cr-00512-CCE    Document 69-3    Filed 12/20/21    Page 2 of 7

*Finding Debtor In Contempt And Imposing Sanctions*, entered on February 6, 2018 [Doc. 117] (the "ESI Contempt Order").

4. I am not affiliated with any party to this action.

5. Pursuant to this Court's December 28, 2017 *Order Directing Debtor to Turn Over, or Provide Access to, All Electronic Devices and Data For Forensic Inspection and Data Collection* (the "ESI Order") [Doc. No. 98], RVM was designated by North Carolina Mutual as the qualified third-party vendor.

6. RVM was retained to: (a) conduct a forensic examination and capture all content associated with Defendant's Electronic Devices and Email Accounts (collectively, the "Data") and (b) process, collect, and maintain a full set of the Data.

7. As I explained more fully in my Prior Declaration, on January 11, 2018, I first attempted to collect Data (the "First Collection Attempt") from the Defendant's list of Electronic Devices, which the Defendant's counsel provided in a January 5, 2018 letter, attached as Exhibit "C" to the Contempt Motion (the "First Device List"). However, the Defendant demanded that I leave before I was able to collect all of the Electronic Devices listed on the First Device List. As a result, I was unable to collect all Data.

8. Also as noted in my Prior Declaration, during the First Collection Attempt, the Defendant showed me the first computer listed on the First Device List, but indicated that it did not have a hard drive, which I confirmed by examining the computer. Therefore, there was no stored Data in that computer to collect. Defendant did not provide me with any explanation as to why the computer did not have a hard drive in it, or otherwise offer to make the missing hard drive available to me. Accordingly, to date, RVM has still not obtained access to any hard drive from the first computer on the First Device List that the Defendant identified during my initial visit.

2

9.  As a result of the First Collection Attempt, I was able to obtain a full forensic image of a mobile phone, which was the second device listed on the First Device List, as well as one hard drive from the computer listed as the fourth device on the First Device List (referred to as "Debtor's work computer Custom Built") (the "Custom Computer"). Although the Custom Computer contained three separate hard drives, the Defendant demanded that I leave his offices before I could image two of the three drives.

10. I was not allowed access to any of the other devices on the First Device List during the First Collection Attempt.

11. Thereafter, it is my understanding that the Defendant provided two amended lists of his Electronic Devices. However, the devices on those amended lists were the same as the devices included on the First Device List. However, following receipt of the "amended" lists, RVM was advised that, as a result of the ESI Contempt Order, the Defendant would now allow RVM to collect the remaining Electronic Devices identified on the Defendant's First Device List. Accordingly, on February 14, 2018, RVM sent a courier to the Defendant's offices to collect the remaining Electronic Devices identified on the First Device List (the "Second Collection Attempt").

12. During the Second Collection Attempt, RVM obtained possession of two computers from the Defendant's offices. The first was the Custom Computer. The second was the fifth computer on the First Device list (referred to on the list as the "Assistant's work computer.")

13. I thereafter performed a forensic analysis of the Custom Computer. In the course of my forensic analysis, I identified at least forty-two (42) Electronic Devices (as such term was defined in the ESI Order) that were connected to, or used in connection with the Custom Computer

3



and which the Defendant did not identify on the First Device List or on any amended lists or communication, even following entry of the ESI Contempt Order.

14. Specifically, as reflected on a report of information that I created, which is attached hereto as **Exhibit 1**, my analysis reveals that the following Electronic Devices, which are ESI repositories, were connected to, or used in connection with the Custom Computer, none of which were included on the First Device List or the subsequent lists and none of which were provided to RVM for access or collection:

   a. Three (3) cloud-based storage provider accounts;
   b. Sixteen (16) email addresses;[1]
   c. One (1) offsite email archival storage service;
   d. Four (4) chat and messaging applications;
   e. One (1) physical server mapped to the Custom Computer; and
   f. Eighteen (17) removable storage devices.[2]

15. In addition, I discovered that at 1:24 p.m EST. on January 2, 2018, the following Google internet search was run on the Custom Computer: "permanently deleting deleted emails on SSD."[3]

16. Within twenty minutes after running the Google search, at 1:44 p.m. on January 2, 2018, an application called "Eraser.exe" was downloaded and installed to the Custom Computer.

---

[1] While my analysis identified eighteen (18) total email addresses, the Defendant had previously identified two (2) of them.

[2] While my analysis identified eighteen (18) total removable storage devices, one (1) of them was a Western Digital "My Passport" external hard drive, which belongs to RVM and was used in the First (unsuccessful) Collection Attempt.

[3] SSD stands for "Solid State Drive," which is a storage device found in most modern computers.

4

According to the website of the software vendor for eraser.exe,[4] the software is "an advanced security tool for Windows which allows you to completely remove sensitive data from your hard drive by overwriting it several times with carefully selected patterns."

17.    As a result, if eraser.exe was successfully run on the Custom Computer, RVM will not be able to recover all of the Defendant's Data that was available at the time the Court entered its ESI Order on December 28, 2017.

18.    My analysis also revealed that the "Custom Computer" was used to access an online version QuickBooks, a popular accounting software. A locally installed copy of QuickBooks was not readily identifiable on the Custom Computer.

19.    To recover the Defendant's QuickBooks data, RVM would need the log-on credentials for those accounts. None of Defendant's device lists include any reference to QuickBooks and no log-on credential have ever been provided.

20.    In sum, my analysis reveals that the Defendant has not provided RVM with all Electronic Devices and Data within his possession, custody, or control, as required by the original ESI Order and this Court's ESI Contempt Order. My analysis further reveals that steps were taken to research how to completely remove sensitive data from a hard drive and that an application for doing so was downloaded to the Custom Computer after this Court entered its ESI Order on December 28, 2017.

---

[4] https://eraser.heidi.ie/.

5

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 5, 2018

_____
Evan Fuest