# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,
*Plaintiff,*

v.

BRADLEY CARL REIFLER,
*Defendant.*

No. 1:20-cr-512

## RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE

Defendant Bradley C. Reifler submits this Response in Opposition to the Government's Motion *in Limine* dated January 10, 2022. Doc. No. 74. The Motion purportedly aims to preclude evidence or argument that "blames the victim," but in actuality the Government seeks pretrial exclusion of an undefined category of evidence that is directly relevant to the central issues in this case. Because the Government's request is overbroad and misunderstands the evidence relevant to the elements of wire fraud, Defendant respectfully submits that this Court should deny the Motion.

"A motion *in limine* to exclude evidence should be granted only when the evidence is clearly inadmissible on all potential grounds." *Silicon Knights, Inc. v. Epic Games, Inc.*, 2011 WL 5439156, at *1 (E.D.N.C. Nov. 8, 2011). "Rules 401 and 402 [of the Federal Rules of Evidence] establish the broad principle that relevant evidence—evidence that makes the existence of any fact more or

- 1 -

less probable—is admissible unless the Rules provide otherwise." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). The Government's citation to Rule 403 of the Federal Rules of Evidence is unavailing, because the evidence at issue here speaks directly to "the ultimate issue for the jury of . . . whether the [D]efendant had the requisite intent to defraud." Doc. No. 74 at 3. The Government cites no other provision of the Federal Rules of Evidence to support its view that this relevant evidence must nevertheless be precluded, so it falls fall short of establishing that the alleged victim's conduct is "clearly inadmissible on all potential grounds." *See id.*

The Government's motion broadly asserts that any evidence related to the actions of the alleged victim is irrelevant. Doc. No. 74 at 2. This is plainly incorrect. The dispositive questions are whether Defendant committed the charged conduct and acted with the requisite intent. Evidence about interactions between Defendant and the alleged victim are directly relevant to whether the charged scheme existed at all and whether, even if it did, Defendant had a specific intent to defraud.

In order for Defendant to be convicted of wire fraud, the Government must prove that he "(1) devised or intended to devise a scheme to defraud and (2) used . . . wire communications in furtherance of the scheme." *United States v. Wynn*, 684 F.3d 473, 477 (4th Cir. 2012). With respect to the first element,

the Government must show that Defendant used "dishonest methods or schemes." *Id.* at 478.  Even if the Government carries that burden, it must also prove that Defendant "acted with the *specific intent to defraud*."  *Id.* (emphasis in original) (internal quotation marks omitted); *see* 18 U.S.C. § 1343; *see also* Doc. No. 1 at 14–17.  That means that the "defendant must specifically intend to lie or cheat or misrepresent with the design of depriving the victim of something of value." *Wynn*, 684 F.3d at 478.

Accordingly, evidence related to the knowledge and actions of the alleged victim, including communications between the alleged victim, its agents, and Defendant, will be critical to the jury's understanding of whether Defendant engaged in an unlawful scheme and whether he acted with the requisite intent. For example, the Government has alleged and would presumably seek to prove at trial that the alleged victim did not know about investments made in the trust account, and Defendant must be permitted to introduce evidence supporting that the alleged victim and its reinsurer agent in fact did know details regarding the investments.  If the alleged victim's understanding of the investment activities aligned with Defendant's, then there was no misrepresentation and therefore no scheme to defraud.

Likewise, evidence that the Government seeks to exclude bears on Defendant's lack of specific intent.  The Government is alleging fraud involving

investments made with assets associated with a reinsurance relationship, in which the alleged victim insurance company, its reinsurer agent, and its trustee all had defined roles and responsibilities. Facts related to what the alleged victim (and its agents) knew, the actions they took (or did not take), and information they received about the investment activity are all highly relevant for the jury to understand what occurred and Defendant's state of mind.

The Government cites a series of (primarily out-of-jurisdiction) cases and asserts that these cases have held that inquiries into a victim's negligence are "irrelevant and potentially prejudicial." Doc. No. 74 at 1–2. The Government's assertion, however, miss the mark. None of the cited cases support the wholesale pretrial exclusion of evidence, and most (including the two Fourth Circuit cases cited) do not even address the exclusion of evidence at all.

Moreover, the principles at issue in those cases have no application here. Defendant does not intend to introduce evidence to argue that the alleged victim's negligence renders legal the alleged scheme or "absolves" a crime. But Defendant *does* intend to introduce evidence that will show there was no scheme to defraud and hence no crime at all. Defendant will also present evidence that he did not have the requisite intent to defraud. To this end, Defendant's interactions with the alleged victim, its employees, agents –and

their responses to his conduct--are directly relevant to the existence of any supposed deception of the alleged victim and Defendant's state of mind.

Based solely on precedent regarding whether a victim's negligence can excuse criminal conduct and a vague reference to potential jury confusion, the Government seeks to preclude wholesale an entire category of evidence that will be highly relevant to the elements of wire fraud. The Government has not established that this evidence must be suppressed, and its Motion must be denied.

Respectfully submitted this the 18th day of January, 2022.

/s/ Mark A. Jones
North Carolina Bar # 36215
BELL, DAVIS & PITT, P.A.
100 N. Cherry St. Suite 600
Winston-Salem, NC 27101
Phone: (336) 714-4122
Facsimile: (336) 714-4101
Email: mjones@belldavispitt.com

*Counsel for Bradley C. Reifler*