# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v.<br><br>BRADLEY CARL REIFLER,<br>*Defendant*. | No. 1:20-cr-512 |

### BRAD REIFLER'S TRIAL BRIEF

INTRODUCTION

In response to the specific witnesses and admissible evidence presented by the government, Mr. Reifler will contend at trial that the government cannot meet its burden of proving beyond a reasonable doubt that he participated in a scheme to defraud and obtain the money or property of North Carolina Mutual Life Insurance Company (NCM) through materially false or fraudulent pretenses, representations, or promises. Mr. Reifler will further contend at trial that the government cannot meet its burden of proving beyond a reasonable doubt that any allegedly unlawful conduct was committed with a specific intent to defraud NCM.

Specifically, Mr. Reifler will contend that Steve Fickes, owner of the Cayman Island's based Port Royal Reassurance Company SPC, Ltd. ("Port Royal"), knowingly approved Port Royal's own investments. The government will argue that those investments were subsequently deemed "ineligible," either by Port Royal's Cayman Islands regulator (CIMA) or otherwise, but the parties agree that violating a "ineligibility" regulation is not—itself—committing fraud. Trans. of 10/7/2021 Hearing at 52:25-53:3.

Mr. Reifler will further contend that he transmitted no writings, signs, signals, pictures, or sounds in interstate commerce for the purpose of executing a scheme to obtain NCM's money or property through materially false or fraudulent pretenses, representations, or promises—nor did he aid and abet others in the commission of the crimes alleged in Counts 1 through 4.

Further, Mr. Reifler will contend that the government cannot meet its burden of proving beyond a reasonable doubt that he made a materially false statement, sufficient to sustain a conviction for Perjury, through the single statement "all of the Funds were invested." *See* Doc. 39 at 6. Mr. Reifler will contend that Port Royal and Summit Trust Company (the trustee of the Port Royal's portfolio) collectively controlled and invested the portfolio.

OUTSTANDING MOTION TO DISMISS

On January 6, 2022, Brad Reifler filed a Motion to Dismiss the Indictment. (Doc. 72). The Motion was filed under and remains sealed.

EXPERT WITNESS TESTIMONY

Despite the voluminous financial records, Mr. Reifler is not aware of any expert witnesses that the government intends to call to testify during the trial. Rather, the government has indicated that it will call a lay witness to summarize the financial records, in lieu of a forensic accounting expert. To this end, the government provided proposed summary exhibits (purporting to reflect the proposed testimony of this witness) for first time on January 25, 2022. To adequately respond to this financial testimony, Mr. Reifler previously identified a forensic accountant, Mr. Robert Nordlander, as a potential expert rebuttal witness—depending on the government's presentation of the evidence. A summary of Mr. Nordlander's qualifications and rebuttal opinion will be

provided in accordance with Rule 16. Mr. Reifler has also identified a handwriting expert, as a potential expert depending on the government's presentation of the evidence. This expert's qualifications and rebuttal opinion will be provided in accordance with Rule 16. Mr. Reifler is also reviewing the government's preliminary and revised preliminary proposed Exhibits to determine whether any additional rebuttal experts will be necessary to the defense.

RULE 902(11) OF THE FEDERAL RULES OF EVIDENCE

The government is expected to seek the admission of certain financial records on the basis of multiple 902(11) certificates. Whether the proponent's certificates comply with Rules of Evidence is mixed question of fact and law for the Court to decide when the proponent seeks to offer such evidence. Though Rule 902(11) requires the proponent to provide advance notice and make the certificates available for inspection, the Rule does not require the defendant in a criminal case to either pre-approve or pre-object to the government's evidence weeks before trial, on penalty of waiving an objection to the improper admission of inadmissible hearsay.

JURY INSTRUCTIONS

The parties have filed proposed jury instructions. It is expected that any differences between the parties' requested instructions and the Court's standard instructions will be addressed during a normal charging conference (if necessary) at or near the conclusion of the evidence. Mr. Reifler has reserved his right to propose additional instruction as may be called for by the government's presentation of the evidence.

MOTIONS IN LIMINE

The parties have outstanding Motions in Limine that are likely to be addressed at the February 3rd pretrial conference. Mr. Reifler has requested the government not falsely refer to the alleged conduct as a "*Ponzi scheme*," which has a specific definition within the Fourth Circuit. A "Ponzi scheme" involves fraud schemes "in which early investors are paid off with money received from later investors in order to prevent discovery and to encourage additional and larger investments." *United States v. Loayza*, 107 F.3d 257, 259 n.1 (4th Cir. 1997). There has been no allegation that any prior investments by others were fraudulent investments received as part of a scheme to defraud—Ponzi or otherwise.

Further, Mr. Reifler was mindful of the Court's admonition during the previous motions hearing to not file Motions in Limine in which the issue would most likely be "[d]eferred until trial" for resolution. Trans. of 10/7/2021 Hearing at 70:16-21. Though Mr. Reifler is doubtful the government would solicit such information, Mr. Reifler contends it would be grossly prejudicial for any witness to place before the jury the race, ethnicity, or national origin of the alleged victim's policyholders or early owners.

Mr. Reifler also contends that the Court should be careful to scrutinize government efforts to admit hearsay statements on the theory that the out-of-court statements by non-testifying witnesses are being offered not for the truth of the matter but for other purposes.

## AMENDMENTS OR VARIANCES

The grand jury has alleged in Count 1 that someone other than Mr. Reifler sent an email on August 12, 2016, and that email makes Mr. Reifler guilty of wire fraud. The grand jury has alleged in Count 2 that someone other than Mr. Reifler sent an email on August 18, 2016, attaching documents they received from someone other than Mr. Reifler, and this email makes Mr. Reifler guilty of wire fraud. Mr. Reifler will contend at trial that the government cannot meet its burden of proving beyond a reasonable doubt that either he or the people who sent these emails committed wire fraud or that Mr. Reifler violated 18 U.S.C. § 2 by aiding and abetting or causing their violation of 18 U.S.C. § 1343.

The grand jury has alleged in Counts 3 and 4 that Mr. Reifler sent emails on August 23 and 24, 2016, and that each of emails separately makes Mr. Reifler guilty of wire fraud. Mr. Reifler will contend at trial that the government cannot meet its burden of proving beyond a reasonable doubt these statements are false, misleading, or designed to further a scheme to defraud and obtain the money or property of NCM through materially false or fraudulent pretenses, representations, or promises.

Mr. Reifler will be prepared to respond to any effort to broaden the possible basis of criminal liability beyond those alleged by the grand jury (a constructive amendment of the Indictment). Specifically, Mr. Reifler will be prepared to respond to any effort to broaden the possible basis of criminal liability to include embezzlement and/or obstruction of justice, crimes not charged by the grand jury. Mr. Reifler will be prepared to respond to efforts to broaden the possible basis of criminal liability to include perjury on the basis of any statement other than that "[a]ll of the Funds were invested."

Respectfully Submitted, this the 31st day of January, 2022

/s/ Mark A. Jones
BELL, DAVIS & PITT, P.A.
North Carolina Bar # 36215
100 North Cherry Street, Suite 600
Winston-Salem, North Carolina 27101
Phone (336) 714-4122
Facsimile (336) 714-4101
Email: mjones@belldavispitt.com

*Counsel for Bradley Reifler*