IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | 1:20-CR-512 |
|---|---|---|
| v. | : | |
| BRADLEY CARL REIFLER | : | |

## FACTUAL BASIS FOR A GUILTY PLEA

Beginning in approximately April 2015, Bradley Carl Reifler ("defendant") was responsible for investing an approximate $34 million reinsurance portfolio for North Carolina Mutual Life Insurance Company ("NCM") according to guidelines contained in a trust agreement and state eligibility requirements. The defendant invested at least $10,000,000 of the funds in his own company, and used those funds for purposes such as paying for overhead expenses and repaying prior investors to whom the company owed money. The defendant also invested $10,000,000 in Forefront Income Trust, an investment management company for which he served as the investment advisor. Further, the defendant placed other funds into investment vehicles that did not comply with the trust agreement or state eligibility requirements.

During internal and external audits performed in 2016, NCM requested supporting documentation for the defendant's investments. Rather than

disclose the true and ineligible nature of the investments that he had made, the defendant caused fabricated documentation to be sent to NCM.

During NCM's internal audit, NCM confronted the defendant with the issues underlying his investments. In response, the defendant agreed to pledge additional "collateral" to secure NCM's assets. In the email that is the basis for Count 2, the defendant caused false and fraudulent pledge agreements to be sent in interstate commerce, for the purposes of executing the scheme and artifice to defraud, to NCM, which is located in the Middle District of North Carolina. But as the defendant knew at the time, those pledge agreements were false and fraudulent because they had not actually been signed by the counter-parties identified in the documents.

The defendant caused the email in Count 2 to be sent with the intent to defraud and deceive NCM into believing that its assets were secured by the false and fraudulent pledge agreements. As a result, the defendant was able to maintain control over NCM's assets for the benefit of his own companies and delay NCM's efforts to liquidate its assets.

Respectfully submitted, Dated: May 4, 2022

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
U.S. Department of Justice

_____*s/*_____
Thomas J. Tynan
Michael P. McCarthy

2

Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Thomas.Tynan@usdoj.gov
(202) 768-1136

SANDRA J. HAIRSTON
United States Attorney
Middle District of North Carolina


*Counsel for the Government*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 4, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Respectfully submitted,

*s/*
Thomas J. Tynan
Trial Attorney