IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:20-CR-512 |
| v. | : | |
| BRADLEY CARL REIFLER | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, Joseph Beemsterboer, Acting Chief, Criminal Division, Fraud Section, and the defendant, BRADLEY CARL REIFLER, in his own person and through his attorney, Mark A. Jones, and state as follows:

1. The defendant, BRADLEY CARL REIFLER, is presently under Indictment in case number 1:20-CR-512, which in Counts One through Four charges him with a violation of Title 18, United States Code, Section 1343, wire fraud; and which in Count Five charges him with a violation of Title 18, United States Code, Section 1621, perjury.

2. The defendant, BRADLEY CARL REIFLER, will enter a voluntary plea of guilty to Count Two of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, BRADLEY CARL REIFLER, understands that the maximum term of imprisonment provided by law for Count Two of the Indictment herein is not more than twenty years, and the maximum fine for Count Two of the Indictment herein is $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, BRADLEY CARL REIFLER, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b. The defendant, BRADLEY CARL REIFLER, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, BRADLEY CARL REIFLER, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth

above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

        d.    The defendant, BRADLEY CARL REIFLER, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, BRADLEY CARL REIFLER, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, BRADLEY CARL REIFLER, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3

3. By voluntarily pleading guilty to Count Two of the Indictment herein, the defendant, BRADLEY CARL REIFLER, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, BRADLEY CARL REIFLER, is going to plead guilty to Count Two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, BRADLEY CARL REIFLER, to Count Two of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, BRADLEY CARL REIFLER. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b.  It is understood that if the Court determines at the time of sentencing that the defendant, BRADLEY CARL REIFLER, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

c.  The United States and the defendant, BRADLEY CARL REIFLER, agree that the following sections of Chapter 2B1.1 of the Sentencing Guidelines apply:

i.  A base offense level of seven, pursuant to U.S.S.G. § 2B1.1(a)(1), because the offense of conviction has a statutory maximum of imprisonment of 20 years or more;

ii.  A twenty-level enhancement, pursuant to U.S.S.G. § 2B1.1(b)(K), because the loss amount was more than $9,500,000 and less than $25,000,000.

iii.  A two-level enhancement, pursuant to U.S.S.G. § 2B1.1(b)(10), because the offense involved the use of sophisticated means

5

and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.

   iv. A four-level enhancement, pursuant to U.S.S.G. § 2B1.1(b)(17)(B), because the offense jeopardized the safety and soundness of a financial institution.

   v. On account of subsections 5(b) through 5(c)(iv), above, the total offense level before any reduction pursuant to §§ 5H1.1, 5H1.3, and 5H1.4 is 30.

This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  d. The United States and the defendant, BRADLEY CARL REIFLER, agree that a departure of at least five levels under U.S.S.G. §§ 5H1.1, 5H1.3, and 5H1.4 is appropriate based on the defendant's age, mental and emotional conditions, and physical conditions. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  e. Further, at sentencing, the United States agrees not to recommend a sentence of imprisonment greater than 60 months. This portion

6

Case 1:20-cr-00512-CCE   Document 94   Filed 05/05/22   Page 6 of 16

of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  f. The defendant, BRADLEY CARL REIFLER, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this Plea Agreement. The defendant, BRADLEY CARL REIFLER, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

  g. The defendant, BRADLEY CARL REIFLER, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

  h. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, BRADLEY CARL REIFLER, knowingly and voluntarily waives the

protections of these rules as it relates to plea proceedings. If the defendant, BRADLEY CARL REIFLER, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

  i. The defendant, BRADLEY CARL REIFLER, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, BRADLEY CARL REIFLER, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of his guilty plea.

  j. The defendant, BRADLEY CARL REIFLER, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the

8

scope of the statute). The only exceptions are that the defendant, BRADLEY CARL REIFLER, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

6. The defendant, BRADLEY CARL REIFLER, agrees to the following terms concerning restitution:

    a. The defendant, BRADLEY CARL REIFLER, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1). The defendant, BRADLEY CARL REIFLER, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3.

    b. Without limiting the amount of restitution that the Court imposes, the parties agree that the victim in this case is entitled to restitution of $20,322,220.

9

c. The defendant agrees to include with any restitution payments a request to the Clerk of the Court that such payments be remitted to the victim at the following address:

Rick Kilpatrick
Senior Regulatory Specialist
Financial Analysis & Receivership Division
NC Department of Insurance
1201 Mail Service Center
Raleigh, NC 27699-1201

d. The defendant understands that he is not entitled to credit for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by and identified by the victim as pertaining to his particular liability.

e. The defendant agrees to make full disclosure of all current and projected assets to the United States Probation Office immediately, as well as prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the United States Attorney's Office, including the Financial Litigation Unit, for any purpose. This disclosure shall include co-mingled assets or assets held in the names of third parties.

f. The defendant agrees to truthfully complete under penalty of perjury within thirty days of the execution of this Plea Agreement a financial

10

statement provided by the United States Attorney's Office and to update the statement with material changes within seven days of the change.

g. The defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure to disclose grand jury material to the civil and forfeiture sections of the United States Attorney's Office for use in identifying assets and collecting fines and restitution.

h. The defendant understands that nothing in this agreement or in any judgment, order, release, or satisfaction issued in connection with this agreement will satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities.

7. With regard to forfeiture, the United States and the defendant, BRADLEY CARL REIFLER, agree as follows:

a. The defendant, BRADLEY CARL REIFLER, knowingly and voluntarily consents and agrees to forfeit to the United States any and all interest in property, real or personal, which constitutes or is derived from proceeds traceable to, or obtained directly or indirectly as a result of, the offense to which the defendant is pleading guilty. The defendant specifically consents and agrees to the entry of a forfeiture money judgment against him

11

in the amount of $20,322,220, in that such sum represents the value of the property subject to forfeiture based on the criminal violation to which the defendant is pleading guilty.

  b. The defendant agrees to identify all assets over which he exercises or exercised control, directly or indirectly, within the past six years, or in which he has or had during that time any financial interest.

  c. The defendant agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United States, including but not limited to surrender of title and execution of documents necessary to transfer their interests in such property. The defendant further agrees to take necessary steps to ensure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

  d. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture

12

in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise them of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted

  e. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

  f. Defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

  g. Defendant agrees that the forfeiture provisions of this plea

13

agreement are intended to, and will, survive them, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the forfeiture, including any money judgment amount, is collected in full.

8. The defendant, BRADLEY CARL REIFLER, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. The defendant, BRADLEY CARL REIFLER, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

10. It is further understood that the United States and the defendant, BRADLEY CARL REIFLER, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

11. The defendant, BRADLEY CARL REIFLER, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

12. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 5th day of May, 2022.

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
U.S. Department of Justice

_____
Thomas J. Tynan
Michael P. McCarthy
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Thomas.Tynan@usdoj.gov
(202) 768-1136

SANDRA J. HAIRSTON
United States Attorney
Middle District of North Carolina

_____
Stephen T. Inman
Assistant United States Attorney
Chief, Criminal Division
101 South Edgeworth Street, Suite 400
Greensboro, North Carolina 27401
(336) 332-6321
stephen.inman@usdoj.gov

*Counsel for the Government*

_____
MARK A. JONES
Attorney for Defendant

_____
BRADLEY CARL REIFLER
Defendant